E. B. CRABTREE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5889.  Promulgated December 8, 1926.

1. Adjustment of invested capital made by the Commissioner on account of income and profits taxes for prior years *held* to be correct under section 1207 of the Revenue Act of 1926.

2. Invested capital may not be reduced in determining the extent to which a dividend is paid from current earnings of the year by a "tentative tax" theoretically set aside out of such earnings pro rata over such year.

*F. O. Graves, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits taxes of $4,665.44 for the year 1920. The deficiency results from the respondent's reducing invested capital by $7,238, representing the prorated amount of income and profits taxes for the preceding year; by reducing invested capital by $2,842.17, representing unpaid income and profits taxes for 1918 and by reducing invested capital as a result of deducting a "tentative tax" from current earnings to determine the amount of such earnings available for distribution as dividends.

No testimony was introduced by either side. The case was submitted on the pleadings from which we make the following

### FINDINGS OF FACT.

The petitioner is a Minnesota corporation with its principal office at Minneapolis.

The respondent reduced petitioner's invested capital at the beginning of 1920 by $7,238, representing prorated income and profits taxes for the year 1919. The respondent also reduced petitioner's invested capital for 1920 by $2,842.17 on account of unpaid income and profits taxes for 1918. The correct amount of unpaid taxes for 1918 as admitted by the respondent in his answer is $2,577.31.

On July 1, 1920, a dividend of $35,000 was paid by petitioner. The earnings of 1920 up to that date were $35,308.43. On that amount the respondent computed a tentative tax of $7,452.67, which he deducted from the $35,308.43, leaving $27,855.76, which he considered as earnings available for distribution. The difference between the the amount of the dividend, $35,000, and $27,855.76, or $7,144.24, was prorated for 184 days, giving an amount of $3,591.64. The respondent reduced petitioner's invested capital by that amount.

Petitioner's income for 1920 was $70,984.88.

OPINION.

TRAMMELL: The petitioner contends that the respondent erred:

(1) In reducing invested capital by the prorated income and profits taxes for 1919.

(2) In reducing invested capital by the amount of unpaid income and profits taxes for 1918.

(3) In reducing earnings available for distribution as dividends by computing a tentative tax thereon.

The first two contentions must be denied upon the authority of *Appeal of Russel Wheel & Foundry Co.*, 3 B. T. A. 1168; *Appeal of B. F. Boyer Co.*, 4 B. T. A. 180; *Appeal of Randall Brothers, Inc.*, 4 B. T. A. 291; *Appeal of Chicago Railway Equipment Co.*, 4 B. T. A. 452; *Appeal of Manville Jenckes Co.*, 4 B. T. A. 765; *Appeal of Herald-Despatch Co.*, 4 B. T. A. 1096; *Appeal of Henderson Cotton Mills*, 4 B. T. A. 1212.

The petitioner's third contention, in our opinion, is correct. The earnings available for distribution as dividends should not be reduced by the amount of a "tentative tax" theoretically set aside out of such earnings pro rata over the year. *Appeal of L. S. Ayers & Co.*, 1 B. T. A. 1135; *Appeal of Georgia Car & Locomotive Co.*, 2 B. T. A. 986; *Appeal of Rhode Island Tool Co.*, 3 B. T. A. 180; *Appeal of Washington Hotel Co.*, 4 B. T. A. 441; *Appeal of Amalgamated Sugar Co.*, 4 B. T. A. 568; *Appeal of Gardner Governor Co.*, 5 B. T. A. 70.

*Judgment will be entered on 15 days' notice, under Rule 50.*